UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD A. VENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. KNIGHT,<br><br>　　　　Defendant. | Case No. 1:19-cv-01400-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE**<br><br>21-DAY DEADLINE |

Plaintiff Clifford A. Venson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On February 25, 2020, the Court screened Plaintiff's complaint and found that it fails to state a cognizable claim for relief. (Doc. 9.) Pursuant to the Court's screening order, Plaintiff filed a first amended complaint on March 9, 2020. (Doc. 10.) The amended complaint is currently before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a prisoner or plaintiff proceeding *in forma pauperis* has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

## II. PLAINTIFF'S ALLEGATIONS IN PRESENT ACTION

In the present case, Plaintiff alleges that prison staff at Richard J. Donavan Correctional Facility issued him a rules violation report (RVR) for alleged battery on a peace officer. (*See* Doc. 1 at 3, 6.) The matter proceeded to an administrative hearing on May 29, 2018. (*See* Doc. 10 at 4.) On August 24, 2018, prison officials reissued the RVR, and it proceeded to a second hearing on October 3, 2018. (*Id.*) On January 16, 2019, officials against reissued the RVR, and it proceeded to a third hearing on February 27, 2019. (*Id.* at 4-5.) On September 20, 2019, Appeals Examiner J. Knight ordered the RVR to again be reissued and reheard a fourth time. (*Id.* at 5; *see also* Doc. 1 at 3.) Plaintiff alleges that "Defendant [Knight] prevented [him] from engaging in protected conduct by waiting eight months to issue a third level appeal decision to have [RVR] … reissued and reheard" the fourth time. (Doc. 10 at 4.)

## III. PLAINTIFF'S OPERATIVE COMPLAINT IN SEPARATE PROCEEDING[1]

In his operative complaint in *Venson v. Jackson, et al.*, Plaintiff alleges that, on May 7, 2018, prison staff "charged [him] with battery on a peace officer." Case No. 3:18-cv-2278-BAS-BLM (S.D. Cal. Oct. 28, 2019) (Doc. 60 at 4). On August 24, 2018, the chief disciplinary officer ordered the resulting RVR to be reissued and reheard on October 3, 2018. *Id.* The "reporting employee" was not available on that date, so officials ordered a third hearing to be held on February 27, 2019. (*Id.*) On September 20, 2019, Appeals Examiner J. Knight ordered a captain at Richard J. Donovan Correctional Facility to reissue and rehear the RVR for a fourth time. *Id.* Plaintiff alleges that Knight retaliated against him by ordering the fourth hearing. *See id.*

Defendant Knight filed an answer to Plaintiff's operative complaint on January 13, 2020. *Venson v. Jackson, et al.*, Case No. 3:18-cv-2278-BAS-BLM (S.D. Cal.) (Doc. 69). The case is currently pending in the Southern District of California. *See id.* (Doc. 92).

## IV. DISCUSSION

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotation marks and citations omitted).

In the present action and *Venson v. Jackson, et al.*, Case No. 3:18-cv-2278-BAS-BLM (S.D. Cal.) ("*Venson I*"), Plaintiff raises the same claims, against the same defendant, arising out of the same events, and infringing upon the same right. Therefore, the Court finds that this case is duplicative of *Venson I*. The Court is unclear as to why Plaintiff initiated the present action on October 27, 2019, while *Venson I* was still pending. This case is subject to dismissal, unless Plaintiff provides adequate justification for the duplicative filings.

## V. ORDER

For the reasons set forth above, the Court orders Plaintiff, **within 21 days**, to show cause in writing why it should not recommend that this action be dismissed as duplicative. Alternatively, Plaintiff may file a notice of voluntary dismissal of this case. **Failure to comply with this order will result in a recommendation that this action be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **April 20, 2020**             /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE