1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    CLIFFORD A. VENSON,                    Case No. 1:19-cv-01400-SKO (PC)

12                    Plaintiff,             **FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS ACTION AS DUPLICATIVE**
13         v.
                                             14-DAY DEADLINE
14    J. KNIGHT,
                                             Clerk of the Court to Assign a District Judge
15                    Defendant.

16

17         Plaintiff Clifford A. Venson is a state prisoner proceeding *pro se* and *in forma pauperis* in

18    this action. On April 21, 2020, the Court ordered Plaintiff to show cause why this action should

19    not be dismissed as duplicative of a case in the Southern District of California. (Doc. 11.) Plaintiff

20    filed a response on May 5, 2020. (Doc. 12.) For the reasons set forth below, the Court

21    recommends that this action be dismissed without prejudice.

22    **I.      SCREENING REQUIREMENT**

23         The Court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

25    The Court must dismiss a complaint or portion thereof if a prisoner or plaintiff proceeding *in*

26    *forma pauperis* has raised claims that are frivolous or malicious, fail to state a claim on which

27    relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

28    28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

1    **II.      PLAINTIFF'S ALLEGATIONS IN PRESENT ACTION**

2           In the present case, Plaintiff alleges that prison staff at Richard J. Donavan Correctional

3    Facility issued him a rules violation report (RVR) for alleged battery on a peace officer. (*See* Doc.

4    1 at 3, 6.) The matter proceeded to an administrative hearing on May 29, 2018. (*See* Doc. 10 at 4.)

5    On August 24, 2018, prison officials reissued the RVR, and it proceeded to a second hearing on

6    October 3, 2018. (*Id.*) On January 16, 2019, officials against reissued the RVR, and it proceeded

7    to a third hearing on February 27, 2019. (*Id.* at 4-5.) On September 20, 2019, Appeals Examiner

8    J. Knight ordered the RVR to again be reissued and reheard a fourth time. (*Id.* at 5; *see also* Doc.

9    1 at 3.) Plaintiff alleges that "Defendant [Knight] prevented [him] from engaging in protected

10   conduct by waiting eight months to issue a third level appeal decision to have [RVR] … reissued

11   and reheard" the fourth time. (Doc. 10 at 4.)

12   **III.     PLAINTIFF'S OPERATIVE COMPLAINT IN SEPARATE PROCEEDING**[1]

13          In his operative complaint in *Venson v. Jackson, et al.*, Plaintiff alleges that, on May 7,

14   2018, prison staff "charged [him] with battery on a peace officer." Case No. 3:18-cv-2278-BAS-

15   BLM (S.D. Cal. Oct. 28, 2019) (Doc. 60 at 4). On August 24, 2018, the chief disciplinary officer

16   ordered the resulting RVR to be reissued and reheard on October 3, 2018. *Id.* The "reporting

17   employee" was not available on that date, so officials ordered a third hearing to be held on

18   February 27, 2019. (*Id.*) On September 20, 2019, Appeals Examiner J. Knight ordered a

19   correctional captain to reissue and rehear the RVR for a fourth time. *Id.* Plaintiff alleges that

20   Knight retaliated against him by ordering the fourth hearing. *See id.*

21          Defendant Knight filed an answer to Plaintiff's operative complaint on January 13, 2020.

22   *Venson v. Jackson, et al.*, Case No. 3:18-cv-2278-BAS-BLM (S.D. Cal.) (Doc. 69). The case is

23   currently pending in the Southern District of California. *See id.* (Doc. 96).

24   **IV.     DISCUSSION**

25          "A complaint 'that merely repeats pending or previously litigated claims'" is subject to

26   dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995)

27   (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising

28

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1    from the same series of events and alleging many of the same facts as an earlier suit" may be

2    dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021.

3    "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of

4    proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"

5    *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted),

6    *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

7           To determine whether a claim is duplicative, courts use the test for claim preclusion.

8    *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first,

9    [courts] examine whether the causes of action and relief sought, as well as the parties or privies to

10   the action, are the same." *Id.* at 689 (citations omitted).

11          In the present action and *Venson v. Jackson, et al.*, Case No. 3:18-cv-2278-BAS-BLM

12   (S.D. Cal.) ("*Venson I*"), Plaintiff raises the same claims, against the same defendant, arising out

13   of the same events, and infringing upon the same right. Therefore, the Court finds that this action

14   is duplicative of *Venson I*.

15          In his response to the Court's order to show cause, Plaintiff states that he "filed

16   duplicative claims in two different jurisdictions to preserve the constitutional violation committed

17   by J. Knight." (Doc. 12 at 4.) However, "[p]laintiffs generally have no right to maintain two

18   separate actions involving the same subject matter at the same time in the same court and against

19   the same defendant." *Adams*, 487 F.3d at 688 (internal quotation marks and citations omitted).

20   Since Plaintiff is pursuing a separate case against Defendant for the same constitutional violations

21   alleged in this action, this action should be dismissed as duplicative.

22   **V.      CONCLUSION AND RECOMMENDATION**

23          For the reasons set forth above, the Court RECOMMENDS that this action be

24   DISMISSED without prejudice. The Court DIRECTS the Clerk of the Court to assign a District

25   Judge to this action.

26          These Findings and Recommendations will be submitted to the United States District

27   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

28   of the date of service of these Findings and Recommendations, Plaintiff may file written

1    objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

2    Findings and Recommendations." Failure to file objections within the specified time may result in

3    waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

4    *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6    IT IS SO ORDERED.

7    Dated:   **May 6, 2020**                              /s/ *Sheila K. Oberto*

8                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28